


OCT 29 2018
JAMES W. McCORMACK, CLERK
By: ________ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MALLORY SMITH, Individually and on behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 4:18-cv-797-KGB

**OM PURSHANTAM, LLC and TANVI DESAI** **DEFENDANTS**

This case assigned to District Judge Baker
and to Magistrate Judge Ray

**ORIGINAL COMPLAINT – COLLECTIVE ACTION**

COMES NOW Plaintiff Mallory Smith, individually and on behalf of all others similarly situated, by and through her attorneys Allison Koile, Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint – Collective Action against Defendants Om Purshantam, LLC, and Tanvi Desai (collectively "Defendants"), does hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, owning and operating a motel in North Little Rock.

6. Plaintiff was employed by Defendants in North Little Rock.

7. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Mallory Smith is a resident and domiciliary of the State of Arkansas.

10. Within the three (3) years preceding the filing of this Complaint, Plaintiff worked for Defendants' motel in North Little Rock and was paid hourly for all hours worked.

11. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12. At all times material herein, Plaintiffs and those similarly situated have been classified by Defendants as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

13. Defendants are "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers.

14. Separate Defendant Om Purshantam, LLC ("Om Purshantam") is a domestic limited liability company based in Beebe and does business as Motel 6 in North Little Rock.

15. Separate Defendant Om Purshantam has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16. At all relevant times, Separate Defendant Om Purshantam's gross volume of sales made or business done has exceeded $500,000.00 per year.

17. Separate Defendant Om Purshantam's registered agent for service of process is Tanvi Desai, 2003 Dewitt Henry Drive, Beebe, Arkansas 72012.

18. Separate Defendant Tanvi Desai ("Desai") owns and operates Om Purshantam, LLC.

19. Separate Defendant Tanvi Desai is a citizen and resident of the state of Arkansas.

20. Separate Defendant Tanvi Desai's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. During each of the three years preceding the filing, Separate Defendant Tanvi Desai has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

22. Separate Defendant Tanvi Desai was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23. Separate Defendant Tanvi Desai, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

24. Specifically, Separate Defendant Tanvi Desai established and communicated the pay policy applicable to Plaintiff and all others similarly situated in this lawsuit.

25. Upon information and believe, revenue from hotel was merged and managed in a unified manner.

26. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

27. Separate Defendants Om Purshantam, LLC., and Tanvi Desai acted jointly as the employer of Plaintiff and the proposed collective members.

28. Defendants acted jointly as the employer of Plaintiff and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

29. At all relevant times, Defendants continuously employed at least four (4) employees.

## IV. FACTUAL ALLEGATIONS

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

31. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a front desk worker for Defendants' motel.

32. The basic duties of Plaintiff included checking guests in and out, assisting guests and cleaning the lobby of the motel.

33. Plaintiff and other hourly-paid employees were paid an hourly rate by Defendants.

34. Plaintiff and other hourly-paid employees routinely worked more than forty (40) hours in a single workweek.

35. Defendants had a practice of not paying Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for any hours worked in excess of forty (40) hours per workweek.

36. Rather than pay Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for their hours worked in excess of forty (40) hours per

workweek, Defendants simply paid hourly employees their regular rate for all hours worked, including hours worked in excess of forty (40) per week.

37. At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of an overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

38. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and all others similarly situated violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. Plaintiff brings her FLSA claim on behalf of all hourly-paid workers employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

42. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

43. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

45. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds four (4) persons.

46. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
## (Individual Claim for Violation of the FLSA)

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

49. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

51. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rates of pay for all hours worked over forty (40) in each one-week period.

53. Defendants' failure to pay Plaintiff overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

55. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48. Plaintiff brings this collective action on behalf of all other hourly-paid workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

49. Plaintiff brings this action on behalf of herself and all other hourly-paid employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

51. Like Plaintiff, other hourly-paid employees regularly worked more than forty (40) hours in a week.

52. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

53. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid employees who worked more than forty (40) hours within the three (3) years preceding the filing of this Complaint.**

54. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

56. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
## (Individual Claim for Violation of the AMWA)

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

59. At all times relevant herein, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

61. Defendants failed to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

62. Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

63. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

65. Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mallory Smith, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq*.;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq*.;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation;

I. Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J. For a reasonable attorney's fee, costs and pre-judgment interest; and

K. Such other relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MALLORY SMITH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com