THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MALLORY SMITH, Individually and on Behalf of
All Others Similarly Situated                                                                    PLAINTIFF

v.                              Case No. 4:18-cv-00797-KGB

OM PURSHANTAM, LLC, and TANVI DESAI                                            DEFENDANTS

**ORDER**

Before the Court is the motion for attorneys' fees and costs filed by plaintiff Mallory Smith, individually and on behalf of all others similarly situated (Dkt. No. 31).  For the reasons below, the Court grants in part and denies in part the motion for attorneys' fees and costs.

**I.      Factual And Procedural History**

On October 29, 2018, Ms. Smith filed a complaint against her former employer, defendant Om Purshantam, LLC, and its owner, defendant Tanvi Desai (collectively, "defendants"), alleging violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 to 11-4-222 (Dkt. No. 1).  An amended complaint was filed on January 21, 2020, to add claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213 (Dkt. No. 19). On February 13, 2019, Ms. Smith filed a motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 5), which the Court granted in part and denied in part on September 24, 2019 (Dkt. No. 15).  No one opted in, and this case remains a single-plaintiff FLSA overtime dispute.

On March 12, 2020, the parties notified the Court that they had reached a settlement agreement in principle, under which Ms. Smith would be paid $2,500.00, with the issue of attorneys' fees being reserved for later disposition (Dkt. No. 27).  On May 8, 2020, Ms. Smith

filed a motion for $11,766.25 in attorneys' fees and costs under the FLSA and AMWA (Dkt. No. 31). On May 22, 2020, defendants filed a response in opposition to the motion for attorneys' fees and costs (Dkt. No. 33), to which Ms. Smith replied on May 29, 2020 (Dkt. No. 35).

## II.     Governing Law

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The AMWA also contains a mandatory fee-shifting provision. *See* Ark. Code Ann. § 11-4-218(a)(1)(B)(ii). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). It is undisputed that Ms. Smith is the prevailing party in this action.

Determining a reasonable award of attorneys' fees is a two-step process. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). The party seeking an award of fees should "submit adequate documentation supporting the number of hours claimed," and the court "may deduct hours from this initial number if counsel's documentation is inadequate." *Gay v. Saline Cty.*, No. 4:03CV00564 HLJ, 2006 WL 3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433). Once calculated, the

lodestar amount is presumptively reasonable, *see Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), but may be adjusted upward or downward, as the court finds necessary based on the facts and circumstances of the particular case, *see Hensley*, 461 U.S. 434.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)).

### III. Discussion

Ms. Smith requests $11,275.25 in attorneys' fees and $491.00 in costs, for a total fee award of $11,766.25. In support of the instant motion, Ms. Smith has submitted billing records documenting the hours expended by her counsel of record, the billing rates for these attorneys, and the costs associated with litigating this matter (Dkt. Nos. 31-1, 31-2), as well as the declaration of Joshua Sanford, her lead counsel (Dkt. Nos. 31-3). These billing records demonstrate that Ms. Smith's counsel, all members of the Sanford Law Firm, PLLC ("SLF"), expended a total of 107.75 hours in this litigation, billed at a total of $16,530.75 (Dkt. No. 31-1, at 1). Ms. Smith, however, seeks compensation for only 67.15 of the 107.75 hours spent by her counsel on the case; Ms. Smith's request for $11,275.25 in attorneys' fees is a 41 percent reduction from the total amount billed in this matter (*Id.*).

Ms. Smith asks the Court to award attorneys' fees as follows: (1) $4,762.50 for Attorney Joshua West, representing .5 hours of work at a rate of $100.00 per hour, .7 hours of work at a rate of $150.00 per hour, 18.2 hours of work at a rate of $200.00 per hour, and 4.3 hours of work at a rate of $225.00 per hour; (2) $3,161.25 for Attorney Joshua Sanford, representing .1 hours of work at a rate of $100.00 per hour, 3.75 hours of work at a rate of $225.00 per hour, and 7.1 hours of

work at a rate of $325.00 per hour; (3) $1,455.00 for Attorney Allison Koile, representing 9.7 hours[1] of work at a rate of $150.00 per hour; (4) $990.00 for a Law Clerk, representing 13.2 hours at a rate of $75.00 per hour; (5) $513.00 for Attorney Stacy Gibson, representing 2.7 hours of work at a rate of $190.00 per hour; (6) $228.00 for Attorney Rebecca Matlock, representing 1.2 hours of work at a rate of $190.00 per hour; (7) $72.00 for an individual identified only as "MCP," representing 1.2 hours of work at a rate of $60.00; (8) $37.50 for an individual identified only as "MS," representing .5 hours of work at a rate of $75.00 per hour; (9) $30.00 for Attorney Steve Rauls, representing .3 hours of work at a rate of $100.00 per hour; (10) $20.00 for Attorney Sean Short, representing .2 hours of work at a rate of $100.00 per hour; and (11) $6.00 for an individual identified only as "TF," representing .1 hours of work at a rate of $60.00 per hour. The Court assumes that MCP, MS, and TF are non-attorney timekeepers.

As noted above, defendants do not dispute that Ms. Smith succeeded on the merits of her claims and is, therefore, a prevailing party for purposes of a fee award under the FLSA and AMWA. Defendants, however, object to Ms. Smith's proposed hourly rates and claim that the number of hours spent by Ms. Smith's counsel was excessive and that, therefore, a reduced fee is warranted in this case. Defendants raise four objections to Ms. Smith's fee application, which the Court will address in turn.

First, defendants complain that many of SLF's time entries are vague or insufficiently documented. While Ms. Smith's fee application is hardly a model of clarity, Ms. Smith has

---

[1] SLF's billing records indicate that Ms. Koile spent 27.2 hours working on this case and seeks compensation for only 13.1 of those hours (Dkt. No. 31-1, at 1). However, upon reviewing the itemized billing statements, the Court noticed that, for certain billing entries, time was claimed but no amount was claimed. The Court assumes that this was an inadvertent error, and not a misrepresentation of billing records. Dividing the sum of amount claimed by Ms. Koile, $1,455.00, by Ms. Koile's hourly rate, $150.00, the Court finds that Ms. Koile properly billed for 9.7 hours.

submitted adequate documentation from which the Court may determine the amount of her reasonable attorneys' fees and costs.

Second, defendants claim that Ms. Smith has proposed hourly rates that are excessive and unjustified. The Court agrees. Mr. Sanford's request for $325.00 per hour has repeatedly been rejected by judges in both the Eastern and Western Districts of Arkansas. *See Aubrey v. Zamam, LLC*, No. 4:17-CV-00446-LH, slip op. at 2 (E.D. Ark. Nov. 29, 2018) (determining that $275.00, not the requested rate of $325.00, was a reasonable hourly rate for Mr. Sanford); *Wolfe v. Arafa*, No. 5:17-CV-00245-DPM, slip op. at 1 (E.D. Ark. Aug. 8, 2019) (determining that a reasonable hourly rate for Mr. Sanford was $250.00, not the requested rate of $325.00); *Perez v. Mian Enters., Inc.*, No. 2:17-CV-02162, 2018 WL 10394810, at *2 (W.D. Ark. Oct. 26, 2018) (reducing Mr. Sanford's requested hourly rate from $325.00 to $275.00). Ms. Smith cites this Court's recent decision in *Estes v. Buell*, in which the Court found that an hourly rate of $325.00 per hour for Mr. Sanford was reasonable. *See* No. 4:18-CV-0026-KGB, slip op. at 3–4 (E.D. Ark. May 25, 2020). However, in *Estes*, the Court specifically noted that the reasonableness of the fees was not contested. *See* slip op. at 3.

Further, SLF's billing records indicate that, in May 2019, Mr. Sanford's hourly rate increased from $225.00 an hour to $325.00 an hour, a 44 percent increase. Around that same time, Mr. West's rate went from $150.00 an hour to $225.00 an hour, a 50 percent increase. Neither increase was explained. Had Ms. Smith's counsel not been retained on a contingency basis, they would have been required to notify their client of the rate increases and include the new rates in their billing.

In his declaration, Mr. Sanford represents that he founded SLF in 2001 and that he has prosecuted over 1,000 wage-and-hour cases in federal and state courts and in arbitration

5

proceedings (Dkt. No. 31-3, ¶¶ 2, 8).  Mr. Sanford also represents that Mr. West graduated from the University of Arkansas Little Rock William H. Bowen School of Law in 2012 and has "independently managed, litigated, and settled numerous civil cases for SLF, both on the plaintiff's and the defendant's side, including cases under the Fair Labor Standards Act [and] the Arkansas Minimum Wage Act . . . ."  (*Id.*, ¶ 17).

Based on its experience and knowledge of the local market, the Court finds that some, but not all, of the hourly rates charged by Ms. Smith's counsel are high for the community, especially when considered along with the percent increase over time, and the complexity of the case.  Specifically, Ms. Smith has failed to demonstrate that an hourly rate of $325.00 for an attorney with Mr. Sanford's experience and an hourly rate of $225.00 for an attorney with Mr. West's experience are the prevailing market rates for wage-and-hour cases in the Eastern District of Arkansas.  Therefore, considering the results obtained by Ms. Smith's counsel, as well as the rates that Mr. Sanford and Mr. West charged at the commencement of this litigation, the Court determines that, as of May 2019 through the completion of work on the case, Mr. Sanford and Mr. West's rates as reflected on their fee petition do not reflect a reasonable hourly rate.  The Court will reduce the fee award accordingly and does so in a manner consistent with its reasoning in this Order.

Third, defendants claim that "[t]his is a simple, straight forward [sic] FLSA case, in which Plaintiff's efforts to add opt-in claimants fell flat, and the case settled short of trial for $2,500."  (Dkt. No. 34, at 4).  However, this Court rejects a "rule of proportionality" in wage-and-hour cases because tying the attorneys' fees to the amount awarded would make it difficult, if not impossible, for individuals with meritorious wage-and-hour claims but relatively small potential damages to attract effective legal representation.  *See Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 581

(8th Cir. 2006) (rejecting a rule of proportionality in civil-rights cases); *Jackson v. Crews*, 873 F.2d 1105, 1109 (8th Cir. 1989) (same).  Additionally, SLF's billing records indicate that fees related to "Class Management" and "Collective Action Motion" were reduced by 100 percent (Dkt. No. 31-1, at 2).

Defendants further object that Ms. Smith's counsel's billing records "demonstrate[] billing minutia and wheel-spinning indicative of over-staffing, unnecessary intra-office conferences between both lawyers and non-lawyers, and redundancy in billing effort."  (Dkt. No. 34, at 4–5). Attorneys' fees awarded under the FLSA "should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."  *Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722, at *7 (D. Neb. Apr. 18, 2013) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434.

Ms. Smith's counsel assigned 14 individuals to work on this case at various times and billed for 11 of them, including 7 lawyers (Dkt. No. 31-1, at 1).  This may have led to inefficiencies and duplication of work.  Ms. Smith's counsel has been repeatedly warned about this type of duplicative billing in the past.  *See Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, 2020 WL 3062384, at *4–5 (E.D. Ark. June 9, 2020); *West v. Zedric's LLC*, No. SA-19-CV-00556-FB, 2019 WL 6522828, at *6 (W.D. Tex. Dec. 3, 2019); *Cook v. Beemac Foods, LLC*, No. 2:18-CV-02155, 2019 WL 2418753, at *2 (W.D. Ark. June 10, 2019); *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-CV-00372-JLH, 2019 WL 2931296, at *2 (E.D. Ark. May 8, 2019); *Furlow v. Bullzeye Oilfield Servs., LLC*, No. SA-15-CV-1156-DAE, 2019 WL 1313470, at *7 (W.D. Tex. Jan. 3,

2019), *report and recommendation adopted*, No. 5:15-CV-1156-DAE, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *1 (W.D. Ark. Dec. 3, 2018); *Hays v. French Quarter Partners*, LLC, No. 6:15-CV-6065, 2016 WL 6518637, at *3 (W.D. Ark. Nov. 1, 2016); *Jones v. RK Enterprises of Blytheville, Inc.*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *4 (E.D. Ark. Mar. 21, 2016), *aff'd*, 672 F. App'x 613 (8th Cir. 2016); *Burchell v. Green Cab Co., Inc.*, No. 5:15-CV-05076, 2016 WL 894825, at *3 (W.D. Ark. Mar. 8, 2016).

At the same time, the Court acknowledges that the "[u]se of more than one lawyer is common in legal practice" because "[c]onsultation among lawyers ensures that they do not overlook significant facts or inquiries." *Bohen v. City of East Chicago*, 666 F. Supp. 154, 157 (N.D. Ind. 1987). Upon consideration, the Court believes that "the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter." *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-CV-01073, 2019 WL 2427952, at *4 (W.D. Ark. June 10, 2019). Mr. Sanford explains that SLF "reasonably spreads work among many different billers who can perform tasks more efficiently at lower billing rates than the managing attorneys." (Dkt. No. 35, at 2). The Court is mindful that "[a] reduction for duplication 'is warranted only if the attorneys are *unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (quoting *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)). Additionally, and critically, SLF's billing records indicate that fees related to "Case Management" and "In-House Conference" have already been reduced by 49.27 percent and 63.16 percent, respectively. Given the nature of this case and the billing records submitted for the Court's review, the Court opts to reduce each

category by 75 percent from the initial amounts billed (Dkt. No. 34, at 5). The Court observes that, for the time entries for Mr. Sanford and Mr. West from May 2019 through the conclusion of this litigation, many of the hours billed by these two timekeepers at the $325.00 and $225.00 rates were for "Case Management" and "In-House Conference." In lieu of a double reduction or having to parse through individual time entries to account for a reduction, the Court makes the 75 percent reduction to these overall categories of time entries to account for duplication and the high rates. As a result of these reductions, the Court permits a recovery of $515.38 for Case Management entries and $765.00 for In House Conference entries.

The Court also reduces the "Opposing Counsel Communication" category by 50 percent, as a large amount of that time appears to be review of emails by Mr. Sanford and Mr. Watts, billed at the $325.00 and $225.00 per hour rates. Accordingly, the Court permits a recovery of $768.75 for the Opposing Counsel Communication entries.

The Court also will reduce the number of hours expended by Ms. Smith's counsel in preparing her fee petition. While Ms. Smith is entitled to reasonable compensation for preparing her fee petition, she clearly seeks too much in this regard. It was unreasonable to bill 10.3 hours, or about 15 percent of all hours claimed, for compiling and editing the compensable time and drafting the fee petition and supporting documentation (Dkt. No. 31-1, at 2). Also, much of this work was secretarial in nature and should not have been billed at lawyers' rates. Thus, while fees related to Ms. Smith's fee petition will be reduced by 75 percent from the initial amounts billed for fees incurred in preparing her fee petition. As a result, the Court permits a recovery of $810.63 for fee petition entries.

Additionally, the Court will exclude from the fee award the amounts claimed by the three non-lawyer timekeepers, a total of $115.50. *See Beauford v. ActionLink, LLC*, No. 4:12CV00139

JLH, 2014 WL 183904, at *4 (E.D. Ark. Jan. 15, 2014) ("Secretaries' salaries come within a firm's overhead.  Secretarial work on a case should not be billed to a client, nor to an opposing party in a fee-shifting case." (citation and internal quotation marks omitted)).  The Court will further exclude the $300.00 in "anticipated" charges (Dkt. No. 31-1, at 14); Ms. Smith may, but need not, file an amended motion for attorneys' fees for fees incurred subsequent to this Order after entry of final judgment in this case.

Finally, defendants observe that, "[e]ven though Plaintiff does not seek fee recovery under the ADA, charges regarding the [Equal Employment Opportunity Commission ("EEOC")] proceeding, and the First Amended Complaint, remain in the sum of $1,315.50, can be specifically identified from the summary." (Dkt. No. 34, at 5).  Defendants further maintain that "[i]t is impossible to glean if these subject matters are also included within the $5,164.00 of charges for Case Management, Client Communication, In House Conference, and Opposing Counsel Communication." (*Id.*).  While the ADA is a fee-shifting statute, *see* 42 U.S.C. §12205, Ms. Smith has not requested attorneys' fees under the ADA.  Therefore, attorneys' fees incurred in drafting the first amended complaint, the purpose of which was to add claims under the ADA, or in proceedings before the EEOC are not compensable in this case.  Apart from the $1,315.50 in charges that SLF specifically characterized as "First Amended Complaint" or "EEOC" (Dkt. No. 31-1, at 2), the Court has identified an additional $137.50 in charges that, while not characterized as "EEOC," based on their description, clearly relate to proceedings before the EEOC (*Id.*, at 3–14).  The Court will reduce the fee award accordingly.

In sum, the Court will award Ms. Smith $5,993.01 in attorneys' fees[2] and $491.00 in costs, for a total fee award of $6,484.01.

### IV.     Conclusion

For the reasons above, the Court grants in part and denies in part plaintiff's motion for attorneys' fees and costs (Dkt. No. 31-3) and approves attorneys' fees in the amount of $5,993.01 and $491.00 in costs, for a total fee award of $6,484.01. Additionally, based on the parties' representations in the joint notice of settlement and joint status report regarding settlement (Dkt. Nos. 27, 30), the Court directs the parties to file either a joint stipulation of dismissal or a joint status report on the status of this case within 45 days from the entry of this Order.

It is so ordered this 31st day of March , 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

---

[2] For the sake of clarity, the Court notes that it has reduced the requested fee award of $11,275.25 in the following ways: (1) by $684.12 and $696.50 to account for the reduction in fees incurred for case management and in-house conference, (2) by $768.75 to account for the reduction in fees incurred in opposing counsel communications (3) by $1,264.37 to account for the reduction in fees incurred in preparing the fee petition, (4) by $115.50 to account for the amounts claimed by the non-lawyer timekeepers, (5) by $300.00 to account for the "anticipated" charges, and (6) by $1,453.00 to account for the ADA-related charges, for a total fee reduction of $5,282.54.